| STATE OF LOUISIANA | NO. 24-K-151 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| DOMINIQUE L. LINTON | COURT OF APPEAL |
| | STATE OF LOUISIANA |

April 03, 2024

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

Susan Buchholz
Chief Deputy Clerk

**IN RE** STATE OF LOUISIANA

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 2019-CR-179

---

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.

## WRIT GRANTED; SEQUESTRATION ORDER VACATED

In this emergency writ application, the State seeks supervisory review of the trial court's ruling ordering the mother of the victim of alleged rape and sexual battery to be sequestered for as long as the mother remains under subpoena. Trial is in progress.

According to the Minutes Report attached to the writ application, the State sought the mother's release from the trial subpoena after the mother testified (and was cross-examined) at trial, but the defense has indicated that it intends to recall the mother as a witness.

La. C.E. art. 615, "Exclusion of witnesses," provides, in pertinent part:

A. **As a matter of right.** On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interest of justice, the court may exempt any witness from its order of exclusion.

B. **Exceptions.** This Article does not authorize exclusion of any of the following:

\*\*\*

24-K-151

(4) The victim of the offense or the family of the victim.

While it is true that the purposes of sequestration are to assure that a witness testifies as to his own knowledge, to prevent witnesses from being influenced by the testimony of others, and to strengthen the role of cross-examination in developing facts, *State v. Strother*, 43,363 (La. App. 2 Cir. 8/20/08, 990 So.2d 130, 138, *writ denied*, 08-2289 (La. 5/15/09), 8 So.3d 580, La. C.E. art. 615(B)(4) specifically excludes the family of the victim from an order of sequestration, without further restrictions. Accordingly, the trial court's order of sequestration of the victim's mother is erroneous.

We therefore grant the writ, vacate the trial court's Sequestration Order, and order that the victim's mother be allowed to remain in the courtroom for the duration of the trial, pursuant to La. C.E. art. 615(B)(4).

Gretna, Louisiana, this 3rd day of April, 2024.

**SMC**
**JGG**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **04/03/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-151**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Relator)
Jason M. Galjour (Relator)

### MAILED

Dennis W. Moore (Respondent)
Attorney at Law
716 Opelousas Avenue
New Orleans, LA 70114